WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Janice Maria Garcia, | No. CV-20-08258-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Janice Maria Garcia's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief (Doc. 17). Defendant SSA filed an Answering Brief (Doc. 25), and Plaintiff filed a Reply (Doc. 26). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 24) and reverses the Administrative Law Judge's ("ALJ") decision (AR at 16-27) and remands this matter for a new hearing for the reasons addressed herein.

**I.     Background**

Plaintiff filed an Application for SSDI benefits on July 20, 2017, alleging a disability beginning on August 15, 2016. (AR 16). Plaintiff's claim was initially denied on December 14, 2017, and upon reconsideration on August 3, 2018. (*Id*.) A hearing was held before ALJ Paul Isherwood on January 27, 2020. (*Id.* at 47-67). Plaintiff was 39 years old at the time of the hearing and held previous employment as an assistant manager.

(Doc. 17 at 3). Plaintiff's Application was denied by the ALJ on February 10, 2020. (*Id.* at 27). Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision and this appeal followed. (Doc. 1).

After considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability claim based on the severe impairments of fibromyalgia, depression, and anxiety. (AR 18). While the ALJ noted that Plaintiff's severe impairments limited her ability to perform basic work activities, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, and thus was not disabled. (*Id.* at 29).

Plaintiff argues that the ALJ's RFC determination is flawed based on his improper evaluation of the opinion of treating Nurse Practitioner ("NP") Ellen Huff, and of consultative examiner, Shaunna Haley, Psy.D. (Doc. 17). The Commissioner argues that the ALJ's opinion is free of harmful error. (Doc. 25). Plaintiff seeks for her case to be remanded for a new hearing and decision. (Doc. 17 at 24). The Court has reviewed the medical record and will discuss the pertinent evidence in addressing the issues raised by the parties.

## II.     Legal Standards

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ

follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III.   Analysis**

Plaintiff argues that the ALJ's RFC determination is flawed based on his improper evaluation of the opinions of treating NP Ellen Huff, and of consultative examiner Shaunna Haley, Psy.D. (Doc. 17). The Commissioner argues that the ALJ's opinion is free of harmful error. (Doc. 25). Plaintiff seeks for her case to be remanded for a new hearing and decision. (Doc. 17 at 24). After reviewing the record, the parties' briefs, and applicable law, the decision of the Commissioner reversed and remanded for further proceedings consistent with this Order.

As Plaintiff applied for disability benefits after March 27, 2017, the new set of regulations for evaluating evidence from medical providers applies to this case. *See* 20 C.F.R. § 416.920c. These regulations eliminate the previous hierarchy of medical opinions, and the ALJ is not allowed to defer to or give specific weight to any medical opinions. The new regulations for considering physician opinions states as follows:

> We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section). We will articulate how we considered the medical opinions and prior administrative medical findings in your claim according to paragraph (b) of this section.

20 C.F.R. § 416.920c.[1]

The regulations define "medical opinion" as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions." 20 C.F.R. § 416.913(a)(2). All "other medical evidence" that an ALJ considers as part of the Administrative Record is defined as "evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 416.913(a)(3).

The regulations require an ALJ to articulate how persuasive they find all the medical opinions and prior administrative medical findings and set forth specific "articulation requirements" for the ALJ's evaluation of the medical opinion evidence. 20 C.F.R. §§ 404.1520c(b), 416.920(b). The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions. However, the new regulations require an ALJ to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and still require the ALJ to provide legally sufficient reasons supported by substantial evidence for finding a medical opinion unpersuasive. *See, e.g.*, *Beason v. Saul*, 2020 WL 606760, \*3 (C.D. Cal. Feb. 7, 2020); *Jessica B. v. Comm'r of Soc. Sec.*, 2021 WL 4452850, at \*3 (W.D. Wash. Sept. 29, 2021).

---

[1] Other factors that may be considered by the ALJ in addition to supportability and consistency include the provider's relationship with the claimant, the length of the treatment relationship, frequency of examinations, purpose and extent of the treatment relationship, and the specialization of the provider. 20 C.F.R. § 416.920c.

Overall, an ALJ's findings must be supported by substantial evidence. An ALJ meets the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick*, 157 F.3d at 725). This means that an ALJ must "do more than state conclusions." *Id.* Rather, the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct." (*Id.*).

### A. The ALJ Erred In His Evaluation of NP Huff's Opinion.

Plaintiff argues that the ALJ's physical RFC determination is flawed because the ALJ erred in failing to properly evaluate the medical opinion of NP Huff. (Doc. 17 at 12).

In his brief discussion of NP Huff's opinion as to Plaintiff's physical limitations, the ALJ stated that NP Huff "stated the claimant had fibromyalgia." (AR 22). The ALJ next discussed Huff's opinion that claimant could not walk more than three blocks without pain, and that Plaintiff would need to take more breaks than normal in a typical eight-hour workday. (*Id.* at 23). The ALJ found NP Huff's opinions to be unpersuasive, on the basis that they were not supported by the medical evidence. The ALJ next cites to a medical record explaining the results of a Fibromyalgia Tender Points Exam from the Arizona Arthritis & Rheumatology Association stating that "18 of 18 tenderpoints consistent with fibromyalgia are present." (AR 1001). The ALJ states that Plaintiff had "tender points which is consistent with fibromyalgia." (*Id.* at 23). After citing to this record, the ALJ states, without citation, that "it does not appear the claimant discussed flare-ups preventing work." (*Id.* at 23). The ALJ concludes this section by stating that the claimant appeared "well developed, well-nourished, and not in apparent distress," and cites to three pages in the medical records. (*Id.*; citing 1344, 1538, 1769).

The Court finds that the ALJ did not adequately support his findings with evidence in the record. For instance, the ALJ's main support for finding Nurse Huff's opinion to be not persuasive are the three medical records that describe Plaintiff as appearing "well developed, well-nourished, and not in apparent distress." Those three records relate to a

note from a physician's assistant who was treating Plaintiff with steroids and antihistamines for a rash and hives on her back, a second treatment note related to Plaintiff's knee pain, and the third is a letter from Plaintiff's disability case manager seeking treatment records and does not contain any information about Plaintiff's symptoms. (AR 1344, 1538, 1769). Notably, other portions of these same records that the ALJ cited to stress that Plaintiff was "well developed" state that Plaintiff "has pain in her upper back, lower back, arms, and legs . . . pain is severe and gets worse with standing, walking, lifting, and exercising." These three citations, in a case with nearly 2,000 pages of records, do not support the ALJ's conclusion to find NP Huff's opinions to be not credible.

In Response to Plaintiff's argument that this was a material error, the Commissioner argues that the new regulations remove the hierarchy of medical opinions, and that the ALJ is not required to start from the assumption that a medical treating sources will be due the most weight. (Doc. 25). However, there is no indication that the amendments to the regulations altered the ALJ's duty to support his decision with substantial evidence in the record rather than providing a conclusory finding that a medical opinion is unpersuasive or inconsistent with the record. The Court finds that the selective citations within a few treatment notes, including one apparent citation error, was not substantial evidence upon which the ALJ could reject this opinion. Therefore, the Court finds harmful error here.

**B.     The Court Need Not Consider Plaintiff's Additional Argument.**

Because the Court has found error in the consideration of the medical opinions as discussed above, which necessarily impacts the ALJ's RFC finding, the Court will not consider Plaintiff's other argument as the ALJ will need to reassess Plaintiff's RFC on remand.

**IV.    Remand for Further Proceedings**

Once a court has determined an ALJ's decision contains harmful error, the decision whether to remand a case for additional evidence or for an award of benefits is within the discretion of the court. *Reddick*, 157 F.3d at 728; *Swenson v. Sullivan*, 876 F.2d 683, 689

(9th Cir. 1989). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find claimant disabled if all the evidence were properly evaluated." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (*citing Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009)).

Here, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated using the proper standards. Additionally, Plaintiff requests a new hearing and decision. (Doc. 17 at 24). Therefore, the Court, in its discretion, finds that a remand for further proceedings is appropriate, to hold a new hearing, reconsider the medical opinion evidence of record, and issue a new decision.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED** and this case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, including a new administrative hearing, to allow the Commissioner to further evaluate the medical opinion evidence, reevaluate Plaintiff's residual functional capacity in light of the reevaluation of the medical opinions, and issue a new decision.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

Dated this 7th day of December, 2021.

_____
Douglas L. Rayes
United States District Judge